**Mary Elaine WASHINGTON, Appellant**

**v.**

**DEPARTMENT OF STATE OF the STATE OF NEW YORK; Department of the State of New Jersey; Save–A–Thon, (Sewing Machine, Fabric &**

---

Craft Centers); **Metropolitan Transportation Authority, doing business as New York City Transit Authority (N.Y.C.T.A.).**

No. 06–1924.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Sept. 8, 2006.

Filed: Nov. 16, 2006.

Mary Elaine Washington, Newark, NJ, pro se.

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Mary Elaine Washington, proceeding *pro se,* appeals the District Court's dismissal of her complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, we will dismiss this appeal as meritless.

Washington initially filed a complaint alleging a due process violation by all named defendants related to:

> conspiracy, criminal facilitation, trade defamation, credit-line denials, undue influence, invasions of privacy, infringement of intellectual properties' (copyrights) public and private domains, deviate unconsented sodomy, criminal negligence, harassment, depletion of social security accrual benefits and any defendant's other offenses committed, under their concerted criminal facilitation.

Washington did not allege facts supporting any of these claims. The District Court dismissed the complaint with prejudice with respect to the state defendants, the New York and New Jersey Departments of State, on the basis of sovereign immunity. With respect to the remaining defendants, the Court dismissed the complaint without prejudice, but permitted Washington to amend the complaint to set forth facts in support of her claims.

Washington then filed an amended complaint which purported to set forth eight

causes of action but did not provide a cognizable factual foundation for them. Unable to ascertain the basis for her complaint, the District Court held that it failed to state a cause of action and dismissed it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Washington has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

It appears from Washington's amended complaint that she was previously employed by at least one of the defendants, that she was terminated from her position, and that she was denied unemployment benefits. It is difficult to ascertain any other facts from the amended complaint, and we are therefore unable to determine the precise basis for Washington's lawsuit. Given the foregoing, we conclude that the District Court correctly dismissed Washington's complaint and amended complaint for failure to state a claim on which relief may be granted, after affording Washington an opportunity to amend and clarify her complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). We therefore conclude that this appeal is meritless.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).